IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BILLY FRANK COX, | ) | No. CV-F-05-149 OWW/GSA |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| | ) | ORDER DENYING PLAINTIFF'S |
| Plaintiff, | ) | MOTIONS TO CHANGE VENUE AND |
| | ) | MOTION TO STAY PROCEEDINGS |
| vs. | ) | (Docs. 38, 43 & 57) |
| | ) | |
| | ) | |
| JOHN ASHCROFT, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff, Billy Frank Cox, proceeding *in pro per*, commenced this action in the United States District Court for the District of Columbia. Upon motion, which Plaintiff opposed, the District Court for the District of Columbia transferred the action to the United States District Court for the Central District of California. The Central District of California transferred venue of this action to this Court, over Plaintiff's objections that the action should be transferred to the Northern District of California.

Plaintiff moves to transfer venue of this action to the

1

United States District Court for the Northern District of California in the interest of justice pursuant to 28 U.S.C. § 1404(a).[1]  Plaintiff asserts:

> This case should be in the Northern District of California because all of the defendants in the Eastern District are charged in the conspiracy underlying this complaint and are either colleagues in the federal judicial and prosecutorial departments and TCI facility or legal counsel thereto.  Anyone involved with administering proceedings in this case in the Eastern District would therefore likely be a witness, defendant, prosecutor, jurist, or juror, or have personal or professional ties to someone who is.  This would at the least give the appearance of impropriety and at the most lead to the compromising of the integrity of the judicial process.
>
> 28 U.S.C. Section 1404(a) provides that in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.  One defendant and the Plaintiff reside in the Northern District so venue would be proper there, and Plaintiff avers that for reasons given above and in the interest of justice this case should be re-transferred there.  Parties from DC and Florida would scarcely suffer prejudice by Northern Venue [sic] vis-a-vis Eastern District venue, those venues being contiguous, and for must the same reasons parties from the Eastern District would not be unduly prejudiced by Northern District venue.  A simple majority of defendants should not be allowed to trump the fair and impartial adjudication of this case or subject it to the appearance of such.

---

[1] **28 U.S.C. § 1404(a) provides:**

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

1  While it is unusual for a plaintiff to move to transfer
2 venue, a plaintiff may seek a transfer pursuant to Section
3 1404(a) for the convenience of parties and witnesses and in the
4 interest of justice.  For a plaintiff to prevail on such a
5 motion, however, he must show that there has been a change of
6 circumstances since the suit was filed that warrants transfer.
7 Plaintiff must also demonstrate that venue in the Northern
8 District is appropriate.
9  Plaintiff makes no such showing.  Plaintiff's action
10 challenges the alleged actions and/or inactions of United States
11 District Judges, United States Magistrate Judges, United States
12 Attorneys, and officials of the federal correctional institution
13 at Taft, California, all sued in their individual capacities, in
14 connection with Plaintiff's repeated and unsuccessful attempts to
15 obtain habeas corpus relief in the Eastern District of California
16 from his criminal conviction in the Eastern District of
17 California, Sacramento Division, or to obtain relief in this
18 action.  Plaintiff's First Amended Complaint does allege that
19 Judge Claudia Wilkins, United States District Court for the
20 Northern District of California, wrongfully delayed in construing
21 one of Plaintiff's petitions under 28 U.S.C. § 2241 as a motion
22 for relief under 28 U.S.C. § 2255 and transferring the Section
23 2255 motion to the Eastern District of California, Sacramento
24 Division.  Former United States Attorney General Ashcroft and BOP
25 officials are being sued as coconspirators with the alleged
26 Eastern District actors.  Virtually all of the named defendants

1  reside or do business in the Eastern District of California.
2  Virtually all of the alleged actions of which Plaintiff complains
3  took place in the Eastern District of California.  Plaintiff's
4  contention that the appearance of impropriety requires the
5  transfer of this action because Plaintiff will not be able to get
6  a fair hearing or that it will appear that Plaintiff will not be
7  able to get a fair hearing in the Eastern District is misplaced.
8  This Court routinely hears motions for recusal of District Judges
9  sitting in the Eastern District and motions for sanctions against
10 attorneys routinely appearing before it.  Finally, Plaintiff
11 cannot show that venue in the Northern District is appropriate,
12 i.e., that this action could have been brought in the Northern
13 District.  Section 1391(b) provides:

> A civil action wherein jurisdiction is not
> founded solely on diversity of citizenship
> may, except as otherwise provided by law, be
> brought only in (1) a judicial district where
> any defendant resides, if all defendants
> reside in the same State, (2) a judicial
> district in which a substantial part of the
> events or omissions giving rise to the claim
> occurred ..., or (3) a judicial district in
> which any defendant may be found , if there
> is no district in which the action may
> otherwise be brought.

Only Section 1391(b)(2) provides the proper forum for this action.  Plaintiff unsuccessfully argued to the Central District that the action be transferred to the Northern District. Plaintiff presents nothing to demonstrate that the Northern District's rejection of Plaintiff's position was error.

    For the reasons stated, Plaintiff's motions to transfer

1 venue of this action to the United States District Court for the
2 Northern District of California are DENIED.[2]
3
4      IT IS SO ORDERED.
5 **Dated:   March 25, 2008**               /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE

---

[2] **Because of this ruling, Plaintiff's motion to stay proceedings is DENIED as moot.**