UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BILLY FRANK COX, | ) | 1:05-cv-00149-OWW-GSA-PC |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATIONS TO DISMISS FEDERAL JUDGE |
| vs. | ) ) | DEFENDANTS FROM ACTION |
| JOHN ASHCROFT, et al., | ) ) | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |
| Defendants. | ) ) ) | |

Plaintiff, Billy Frank Cox ("plaintiff") is a former federal prisoner proceeding pro se in this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971).

**I.   RELEVANT PROCEDURAL HISTORY**

Plaintiff filed the complaint that commenced this action on October 6, 2003, at the United States District Court for the District of Columbia, against defendants John Ashcroft, Harrell Watts, Jeff Campbell, Robert M. Haro, Glenn Harvey, William J. Murray, Terry Craig, Eliezer Ben-Shmuel, Clayton A. Mack, Carl M. Faller, Jr., Richard J. Bender, Sandra M. Snyder, Lawrence J. O'Neill, Robert E. Coyle, George C. Zoley, Wayne H. Calabrese, John G. O'Rourke, Raymond D. Andrews, Curtis W. Gary, Dale Patrick, Donna Pedersen, Ian Henley, Paige Wiggins, Taft Correctional Institution, Wackenhut Corrections Corporation, and Does 1 to 50, inclusive.   On September 24, 2004, the District of Columbia transferred this action to the Central District of California.  On January 10, 2005, the Central District transferred this action to the Eastern District of California, and it was received by this court on February 1, 2005.  (Doc. 32.)  On March 4, 2008, plaintiff filed an amended complaint adding

1

defendants William M. Wunderlich, Claudia Wilkin, William B. Shubb, and McGregor W. Scott. (Doc. 59.)

**II.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001)). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint

may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### III.     SUMMARY OF AMENDED COMPLAINT

Plaintiff filed the amended complaint upon which this case proceeds on March 4, 2008, against defendants John Ashcroft, Harrell Watts, Jeff Campbell, Robert M. Haro, Glenn Harvey, William J. Murray, Terry Craig, Eliezer Ben-Shmuel, Clayton A. Mack, Carl M. Faller, Jr., Richard J. Bender, Sandra M. Snyder, Lawrence J. O'Neill, Robert E. Coyle, George C. Zoley, Wayne H. Calabrese, John G. O'Rourke, Raymond D. Andrews, Curtis W. Gary, Dale Patrick, Donna Pedersen, Ian Henley, Paige Wiggins, Taft Correctional Institution, Wackenhut Corrections Corporation, William M. Wunderlich, Claudia Wilkin, William B. Shubb, and McGregor W. Scott, and Does 1 to 50, inclusive. Plaintiff brings allegations against defendants pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971) for violations of his rights to due process, equal protection, and effective counsel; and for defamation conspiracy, and intentional infliction of emotional distress. Plaintiff requests as relief money damages.

### IV.     JUDICIAL IMMUNITY

Among the defendants named in the amended complaint are six federal judges, Robert E. Coyle, District Judge; Claudia Wilkin, District Judge; William B. Shubb, District Judge; Lawrence J. O'Neill, District Judge;[1] Sandra M. Snyder, Magistrate Judge; and William M. Wunderlich, Magistrate Judge (hereinafter "Federal Judge Defendants").

#### A.     Legal Standard

Federal judges are absolutely immune from civil liability for damages and declaratory, injunctive, and other equitable relief for their judicial acts. Mullis v. U.S. Bankruptcy Court, Dist. of Nevada, 828 F.2d 1385, 1394 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988). "'A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all

---

[1] The Honorable Lawrence J. O'Neill was sued as a federal Magistrate Judge but has since been elevated to federal District Judge.

3

jurisdiction.'" Mullis, 828 F.2d at 1388 (quoting Stumpman v. Sparkman, 435 U.S. 349, 356-357 (1978)).  A clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction.  Id. at 1389.

In addition, judicial immunity will be lost if the judge performs an act that is not "judicial" in nature.  The factors relevant in determining whether an act is judicial "relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."  Stump v. Sparkman, 435 U.S. at 362.

Judicial immunity is not lost by allegations that a judge conspired with a third party.  As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies.  Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986).

**B.     Discussion**

Plaintiff alleges that the Federal Judge Defendants participated in "non-jurisdictional misconduct." (Amended Complaint at 3:6-16.) However, plaintiff fails to allege any facts demonstrating any judicial act without clear subject matter jurisdiction performed by any of the Federal Judge Defendants.  Plaintiff complains of actions or rulings made by the Federal Judge Defendants in his criminal actions (4:04-cr-40113-CW; 2:88-cr-00272-WBS-GGH), in his petitions for writ of habeas corpus (CIV-F-01-05967-REC-SMS-HC; CIV-F-02-05530-REC-LJO-HC; 4:06-cv-00750-CW; 2:06-cv-02367-WBS), and in the instant civil rights action (1:05-cv-00149-OWW-GSA-PC).  The actions or rulings made by the judges in connection with plaintiff's cases to which the judges were assigned were within their jurisdiction.  Therefore, the allegations of the complaint establish that the Federal Judge Defendants are entitled to absolute judicial immunity.[2]

**V.     CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the court finds the Federal Judge Defendants are entitled to absolute judicial immunity. Plaintiff cannot possibly win relief against the judges because of absolute judicial

---

[2] Moreover, plaintiff's allegations of acts by the Federal Judge Defendants which occurred after the date the original complaint was filed are not part of this action.  Unless permitted under exceptions not present here, an amended complaint may only set forth allegations concerning transactions, occurrences, or events which took place *before* the original complaint was filed.  See Fed. R. Civ. Pro. 15.

4

1  immunity.  See Wong v. Bell, 642 F.2d 359, 361-362 (9th Cir. 1981).  Therefore, the Federal Judge
2  Defendants should be dismissed from this action.
3       Accordingly, it is HEREBY RECOMMENDED that the Federal Judge Defendants – Robert E.
4  Coyle, Claudia Wilkin, William B. Shubb, Lawrence J. O'Neill, Sandra M. Snyder, and William M.
5  Wunderlich – be DISMISSED from this action due to absolute judicial immunity.
6       These Findings and Recommendations will be submitted to the United States District Judge
7  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days
8  after being served with these Findings and Recommendations, the parties may file written objections
9  with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and
10 Recommendations."  Any replies to the objections may be filed within ten (10) days after the date the
11 objections are filed.  The parties are advised that failure to file objections within the specified time may
12 waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14       IT IS SO ORDERED.
15       Dated:    **March 26, 2008**              /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE

5