1

2

3

4                          UNITED STATES DISTRICT COURT

5                          EASTERN DISTRICT OF CALIFORNIA

6

7  Billy Frank Cox,                    )
                                       )  CV-05-149-DCB P
8        Plaintiff,                    )
                                       )
9  vs.                                 )
                                       )  **ORDER**
10 John Ashcroft, Harrell Watts,       )
   Jeff Campbell, et al.,              )
11                                     )
         Defendants.                   )
12 _____        )

13

14       The Wackenhut Defendants [1] and the Federal Defendants[2] have filed

15 Motions to Dismiss the First Amended Complaint pursuant primarily to

16 Federal Rules of Civil Procedure, Rule 12(b)(6) for failure to state

   claims upon which relief may be granted.[3]

17
                     STATEMENT OF FACTS AND PROCEDURAL HISTORY
18
         Plaintiff, Billy Frank Cox (Cox), filed this action, arising out
19
   of his September 1, 1988 arrest, his subsequent criminal prosecution, and
20
   his incarceration at a privately owned federal facility in Taft,
21

22
          [1]Wackenhut Defendants: O'Rourke, Murray, Craig, Ben-Shmuel, Mack,
23 Zoley, Calabrese, Andrews, Gary, Patrick, Pederson, Henley, Wiggins,
   Taft  Correctional  Institution,  Wackenhut  Corrections  Corporation.
24 (Counts  1 - 9, 12.)

25
          [2]Federal Defendants: Ashcroft, Watts, Campbell, Haro, Harvey,
26 Faller, Bender and  Scott. (Counts 10, 11, 12.)

27       [3]The Court did not rely on any collateral documents outside the
   pleadings to resolve these motions.
28
                                      1

California. Cox, a pro se prisoner, brought this action pursuant to *Bivens vs. Six Unknown Agents,* 403 U.S. 388 (1971), as well as 42 U.S.C.§§ 1983, 1985.

Plaintiff's action was originally filed in the United States District Court, District of Columbia. Thereafter, a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure, 12(b)(2) (lack of personal jurisdiction), 12(b)(3) (improper venue) and 12(b)(4) (insufficiency of service of process) and 12(b)(6) (failure to state a claim upon which relief may be granted) was filed by the Wackenhut Defendants. The remaining Federal Defendants also filed a motion to dismiss, asserting the same and additional grounds advanced by the Wackenhut Defendants.

That Court, in reviewing the motion to dismiss for lack of proper venue, determined that venue in the District of Columbia was improper and found that venue would properly lie in the Central District of California. The Court ordered that Plaintiff's action be transferred to the United States District Court for the Central District of California and denied the remainder of the Defendants' Motion to Dismiss, without prejudice. Plaintiff's action was eventually properly transferred to the Eastern District of California by Order dated January 10, 2005, where the constitutional violations are alleged to have occurred and where venue is now proper.

On April 18, 2005, the Wackenhut Defendants filed a Motion to Dismiss (Doc. No. 35).  On March 4, 2008, the First Amended Complaint (FAC) was filed by the Plaintiff. On May 15, 2008, the Court ordered the

1  dismissal of various Judicial Defendants.[4] On June 3, 2008, the Motion

2  to Dismiss was filed on behalf of the Federal Defendants (Doc. No. 67).

3  On June 6, 2008, the Wackenhut Defendants filed a second Motion to

4  dismiss. (Doc. No. 68.)  In June 2008, Plaintiff filed his Opposition

5  briefs.  On November 25, 2008, this action was transferred for all

6  purposes to Judge David C. Bury of the United States District Court for

7  the District of Arizona.

8  **LEGAL STANDARD**

9  **A.  Fed.R.Civ.P. 12(b)(6)**

10      The Court's review of a motion to dismiss brought under

11  Fed.R.Civ.P. 12(b)(6) is limited to the complaint. *Lee v. City of Los*

12  *Angeles,* 250 F.3d 668, 688 (9th Cir.2001). All material factual

13  allegations contained in the complaint "are taken as admitted" and the

14  complaint is to be liberally "construed in the light most favorable" to

15  the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969); *Lee,* 250

16  F.3d at 688. A complaint should not be dismissed under Fed.R.Civ.P.

17  12(b)(6), furthermore, "unless it appears beyond doubt that the plaintiff

18  can prove no set of facts in support of his claim which would entitle him

19  to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

20      Dismissal under Fed.R.Civ.P. 12(b)(6) may be based upon "the lack

21  of a cognizable legal theory or the absence of sufficient facts alleged

22  under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,*

23  901 F.2d 696, 699 (9th Cir.1990). Vague and mere "[c]onclusionary

24  allegations, unsupported by facts" are not sufficient to state a claim

25

26      [4]On May 15, 2008, the Court ordered the dismissal with prejudice
    of the Judicial Defendants: Robert E. Coyle, Claudia Wilken, William B.
27  Shubb, Lawrence J. O'Neill, Sandra Snyder and William M. Wunderlich.
    (Counts 13, 14, 15.)
28

under 42 U.S.C. § 1983. *Jones v. Community Development Agency,* 733 F.2d 646, 649 (9th Cir.1984); *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir.1992). Thus, even though the Court is to construe the complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena,* 976 F.2d at 471.

Before the Court may dismiss a *pro se* complaint for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith,* 974 F.2d 1050, 1055 (9th Cir.1992); *see also Noll v. Carlson,* 809 F.2d 1446, 1449 (9th Cir.1987) (district court erred by not notifying *pro se* prisoner litigant of amended complaint's deficiencies and allowing him leave to amend).[5]

As explained in greater detail below, none of the allegations in the amended complaint state a viable *Bivens* claim against any of the individually named Wackenhut Defendants or Federal Defendants. No further amendments of the Complaint will be allowed.

**B.  *Bivens***

Plaintiff has filed what can only be interpreted as a purely *Bivens v. Six Unknown Fed. Narcotics Agents,* 430 U.S. 388 (1971) action because all of the Defendants are either federal prosecutors or Bureau of Prisons (BOP) personnel and facilities.[6]  In *Bivens,* the Supreme Court held that "a victim of a Fourth Amendment violation by federal officers may bring

---

[5]Plaintiff has been afforded the opportunity to amend his Complaint.

[6]Any claims pursuant to 42 U.S.C. §§1983, 1985 are legally deficient and dismissed as such, because no state actors have been named as defendants.

suit for money damages against the officers in federal court." *Malesko v. Correctional Services Corp.,* 534 U.S. 61, 66 (2001). Subsequently, the Supreme Court recognized the existence of an implied damages remedy for violations of the Due Process Clause of the Fifth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment by federal officers as well. *Id.* at 67;*see also  Davis v. Passman,* 442 U.S. 228 (1979); *Carlson v. Green,* 446 U.S. 14 (1980). Since *Davis* and *Carlson,* however, the Supreme Court consistently has declined to extend *Bivens* liability to new contexts or new categories of defendants. *See  Malesko,* 534 U.S. at 68.  For example, in *FDIC v. Meyer,* 510 U.S. 471 (1994), the Supreme Court "unanimously declined an invitation to extend *Bivens* to permit suit against a federal agency," emphasizing that " 'the purpose of *Bivens* is to deter *the officer,*' not the agency." *Malesko,* 534 U.S. at 69 (quoting *Meyer,* 510 U.S. at 485) (emphasis in original). Employing the same reasoning it used in *Meyer,* the Supreme Court in *Malesko* further declined to extend *Bivens* liability to a private corporation which had contracted with the federal Bureau of Prisons to operate a community correctional facility that housed federal inmates. *Id.* at 63, 70-74.The Supreme Court, however, has yet to specifically address the question of whether or not individual employees of such a private entity are themselves subject to *Bivens* liability.  A number of lower courts, including two circuit courts, have addressed this issue, but have come to conflicting conclusions. For example, both the Fourth and Tenth Circuits have found *Bivens* liability to be inapplicable to private individuals who are not federal officers. *See  Peoples v. CCA Detention Centers,* 422 F.3d 1090 (10th Cir. 2005); *Holly v. Scott* 434 F.3d 287 (4th Cir. 2006). On the other hand, at least two district courts have concluded otherwise. *See*

1  *Purkey v. CCA Detention Center,* 339 F.Supp.2d 1145 (D.Kan. 2004); *Sarro*

2  *v. Cornell Corrections, Inc.,* 248 F.Supp.2d 52 (D.R.I. 2003).[7]

3       The Ninth Circuit has stated that "[ a]ctions under § 1983 and

4  those under *Bivens* are identical save for the replacement of a state

5  actor under § 1983 by a federal actor under *Bivens.*" *Van Strum v. Lawn,*

6  940 F.2d 406, 409 (9th Cir.1991) (applying same statute of limitations

7  to *Bivens* actions as is applied to actions brought pursuant to section

8  1983); *see also  Martin v. Sias,* 88 F.3d 774, 775 (9th Cir.1996)

9  (applying rationale of *Heck v. Humphrey,* 512 U.S. 477 (1994), to *Bivens*

10  actions); *Alexander v. Perrill,* 916 F.2d 1392, 1396 (9th Cir.1990)

11  (applying same qualified immunity analysis to defendants in *Bivens*

12  actions as to those in section 1983 actions); *Trotter v. Watkins,* 869

13  F.2d 1312, 1318 (9th Cir.1989) (scope of immunity available same in both

14  actions).

15       To state a claim under 42 U.S.C. § 1983, a complaint must allege:

16  (i) the conduct complained of was committed by a person acting under

17  color of state law and (ii) the conduct deprived a person of a right,

18  privilege, or immunity secured by the Constitution or laws of the United

19  States. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), overruled on other

20  grounds, *Daniels v. Williams,* 474 U.S. 327 (1986). Section 1983 is the

21  appropriate avenue to remedy an alleged wrong only if both of these

22  elements are present. *Haygood v. Younger,* 769 F.2d 1350, 1354 (9th Cir.

23

24       [7]The Ninth Circuit has not yet been directly presented with this
    issue, but has indicated that *Bivens* may be the proper vehicle for
25   seeking recovery against individual employees of a private corporation
    that contracts with the federal government to operate its correctional
26   institutions. *See  Agyeman v. Corrections Corporation of America,* 390
    F.3d 1101, 1104 (2004). The Court need not decide this issue in this
27   case, however, because Plaintiff has failed to state a viable cause of
    action against any of the remaining named Defendants.
28

1985); *see also Samuel v. Michaud,* 980 F.Supp. 1381, 1396 (D.Idaho 1996) (both elements must be present to hold federal defendants liable under either *Bivens* or section 1983) (quoting *Leer v. Murphy,* 844 F.2d 628, 632 (9th Cir. 1988)).

Plaintiff also must allege facts showing how the individually named Defendants caused or personally participated in causing the constitutional harm alleged in the amended complaint. *Arnold v. IBM,* 637 F.2d 1350, 1355 (9th Cir.1981): *see also  Samuel,* 980 F.Supp. at 1396 ("A person deprives another of a constitutional right, within the meaning of *Bivens,* if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation complained of") (citing *Leer,* 844 F.2d at 633). A defendant cannot be held liable pursuant to 42 U.S.C. § 1983, or again in this case under *Bivens,* solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694 n. 58 (1978); *see also  Padway v. Palches,* 665 F.2d 965, 968 (9th Cir.1982); *Terrell,* 935 F.2d at 1018 (*respondeat superior* theory of liability inapplicable to *Bivens* actions).

**MOTIONS TO DISMISS**

**A.  Wackenhut Defendants**

Generally, the Wackenhut Defendants claim that the FAC should be dismissed on the following grounds:  1) Plaintiff failed to allege sufficient facts to state a cause of action; 2) No *Bivens* action will lie against private entity defendants; 3) Warden Andrews was authorized to limit Plaintiff's access to the legal materials of another inmate; 4) Immunity;  5)  Improper  service  of  process;  6)  Failure  to  exhaust administrative remedies; 7) Failure to state a cause of action for

conspiracy; and, 8) No standing to plead cause of action for violation of Fair Labor Standards Act (FLSA).

Only the Tenth, Eleventh, and Twelfth Counts in the FAC pertain to the Wackenhut Defendants.  The Tenth Count  only references Defendant Andrews, the Warden at TCI when this action was commenced. Plaintiff alleges that Andrews required him to work below the minimum wage, in violation of the FLSA. Plaintiff alleges that Andrews retaliated against him.  The Eleventh Count contains vague and conclusory allegations of *conspiracy* against all Wackenhut Defendants in connection with his petition for writ of habeas corpus.  The Twelfth Count  contains vague and conclusory allegations of *conspiracy* against all Wackenhut Defendants.  A careful reading of the Twelfth Count reflects that Plaintiff's complaints also pertain primarily to his petition for writ of habeas corpus. Plaintiff alleges that following a search of his locker and cubicle on March 21, 2003, he was issued an Incident Report when prison officials discovered legal work belonging to another inmate. Plaintiff alludes to the search on March 21, 2003, and the resulting Incident Report, as "retaliation" against him for his assisting another inmate.

**B.  Federal Defendants**

The Federal Defendants herein submit that they are entitled to absolute immunity, or in the alternative, qualified immunity. In effect, Plaintiff is suing federal prosecutors for successfully prosecuting him. At the time this action was filed, Plaintiff was in the custody of the BOP serving a 210-month sentence for violating 21 U.S.C. § 841(A)(1) (conspiracy to manufacture and possess methamphetamine), at Taft Correctional Institution. Plaintiff was convicted by a federal jury in

1989. Defendant Bender was the AUSA who tried his criminal case. Plaintiff alleges that he filed a habeas corpus petition in 2001 and that case was assigned to Judge Coyle and referred to Magistrate Judge Snyder who issued a report and recommendation of dismissal. Plaintiff appealed to the Ninth Circuit which dismissed the appeal for lack of jurisdiction. Plaintiff filed another habeas petition in 2002 which petition was again assigned to Judge Coyle and referred to Magistrate Judge O'Neill who recommended dismissal. Once again, Plaintiff's petition was dismissed. Judge Coyle declined to issue a certificate of appealability. Plaintiff then sought a mandamus remedy in the Ninth Circuit but this was denied in 2002. Defendants Faller, Craig, and Campbell are alleged to have been counsel for the government in the two habeas cases and are sued on the grounds that they convinced the Judicial Defendants to deny Plaintiff's petitions.

Finally, Plaintiff contends that in 2006, while serving the supervised release portion of his sentence, he submitted a petition for writ of habeas corpus in the Northern District of California. The petition was transferred to the new judicial district where, Plaintiff contends, Defendants United States Attorney McGregor Scott and AUSA Bender, assisted by BOP Attorney Campbell, filed a fraudulent response to Plaintiff's petition, allegedly in conspiracy with Judge Shubb. He does not explain in what manner the response was "fraudulent." Federal Defendants Scott and Bender are also alleged to have filed a motion to dismiss which Judge Shubb granted in part. As a result of these actions, Plaintiff alleges that he was deprived of his liberty, forced to incur legal fees and expenses in excess of $35,000, lost income of at least

1 $450,000, and suffered mental anguish, emotional distress and
2 humiliation.

3 **DISCUSSION**

4 **A. Wackenhut Defendants**

5 **1. Limitation on Access to Other Prisoner's Legal Work**

6      Plaintiff alleges that, while incarcerated in Taft, his prison
7 locker and cubicle were searched on March 21, 2003 by the Wackenhut
8 Defendants. The search disclosed that Plaintiff had legal papers
9 belonging to other inmates in his cell. These items were treated as
10 contraband pursuant to 28 C.F.R. §§ 541. 11, 541.13 (Code 305).

11      Prisoners have no Fourth Amendment right to privacy in their cells.
12 *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984). 28 Code of Federal
13 Regulations, Section 543.11, provides in pertinent part as follows:

14      (c) Staff shall advise an inmate of rules and local
15      procedures governing use of the inmate law library.
16      Unauthorized possession of library materials by an inmate
17      constitutes a prohibited act, generally warranting
18      disciplinary action (see part 541 of this chapter).
19      (d) An inmate's legal materials include but are not limited
20      to the inmate's pleadings and documents (such as a pre-
21      sentence report) that have been filed in court or with
22      another judicial or administrative body, drafts of pleadings
23      to be submitted by the inmate to a court or with other
24      judicial or administrative body which contain the inmate's
25      name and/or case caption prominently displayed on the first
26      page, documents pertaining to an inmate's administrative
27      case, photocopies of legal reference materials, and legal

28

reference materials which are not available in the institution main law library (or basic law library in a satellite camp).

* * *

(2) Staff may allow an inmate to possess those legal materials which are necessary for the inmate's own legal actions. Staff may also allow an inmate to possess the legal materials of another inmate subject to the limitations of paragraph (f)(2) of this section. The Warden may limit the amount of legal materials an inmate may accumulate for security or housekeeping reasons.

In addition, 28 Code of Federal Regulations, Section 543.11, provides in pertinent part as follows:

(2) Except as provided for in paragraph (f)(4) of this section, an inmate may possess another inmate's legal materials while assisting the other inmate in the institution's main law library and in another location if the Warden so designates.

(i) The assisting inmate may not remove another inmate's legal materials, including copies of the legal materials, from the law library or other designated location. An assisting inmate is permitted to make handwritten notes and to remove those notes from the library or other designated location if the notes do not contain a case caption or document title or the name(s) of any inmate(s). The assisting inmate may also develop and possess handwritten drafts of pleadings, so long as the draft pleadings do not contain a

case caption or document title or the name(s) of any inmate(s). These notes and drafts are not considered to be the assisting inmate's legal property, and when the assisting inmate has these documents outside the law library or other designated location, they are subject to the property limitations in § 553.11(a) of this chapter.

* * *

(4) The Warden at any institution may impose limitations on an inmate'sassistance to another inmate in the interest of institution security, good order, or discipline.

* * *

(j) . . . In no case shall the amount of personal legal materials be such as to pose a fire, sanitation, security, or housekeeping hazard.

As set forth above, C.F.R. §543.11(f)(2)(i), Plaintiff, as the "assisting inmate" may not remove another inmate's legal materials, including copies of the legal materials, from the law library or other designated location. Since Plaintiff had these documents outside the law library, they were the proper subject of property limitations set forth therein.

In sum, there was no constitutional injury derived from the search and confiscation of the other inmate's legal materials.

## 2. Discipline for Violation of Prison Policies

Plaintiff was disciplined as a result of the findings from the search and as a result, was fired from his prison job and lost telephone use privileges for thirty days. Plaintiff's possession of anything not

authorized properly falls within the moderate category of the prohibited acts and disciplinary severity scale, as follows:

28 Code of Federal Regulations, Section 541.13, provides for four (4) categories of prohibited acts -- Greatest, High, Moderate, and Low Moderate. Section 541.1(a) (3) provides as follows:  "(3) Moderate category offenses. The Discipline Hearing Officer shall impose at least one sanction A through N,  . . . " Included in Table 3, Prohibited Acts and Disciplinary Severity Scale, to Section 541.13, are the Moderate Category of offenses. Category 305 identifies the following offense: "Possession of anything not authorized for retention or receipt by the inmate, and not issued to him through regular channels."

In analyzing a due process claim, the Court must first decide whether Plaintiff was entitled to any process, and if so, whether he was denied any constitutionally-required procedural safeguard.  Liberty interests which entitle an inmate to due process are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted).

"[T]he Due Process Clause of the Fourteenth Amendment does not create a property or liberty interest in prison employment." *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004).  Similarly, prisoners have no constitutional right to educational programs or rehabilitation.  *See Baumann v. Arizona Dep't of Corrections*, 754 F.2d 841, 846 (9th Cir. 1985) (no constitutional right to jobs and educational opportunities);

1    *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (no liberty or
2    property interest in vocational training); *Hoptowit v. Ray*, 682 F.2d
3    1237, 1254-55 (9th Cir. 1982) (no constitutional right to
4    rehabilitation). Plaintiff does not have a liberty or property interest
5    in his employment while in prison.

6        Further, prisoners do have a First Amendment right to telephone
7    access, subject to reasonable limitations. *Keenan v. Hall*, 83 F.3d 1083,
8    1092 (9th Cir. 1996). A 30-day suspension of telephone privileges related
9    to a disciplinary action does not amount to a First Amendment violation.

10       Plaintiff has failed to state a due process violation or a First
11   Amendment violation, hence there is no cognizable *Bivens* constitutional
12   injury.

13       **3.   Retaliation and/or Conspiracy claims**

14       Plaintiff claimed that Defendants retaliated against him or
15   conspired to retaliate against him, because they felt that Plaintiff was
16   in some way assisting another inmate in the other inmate's lawsuit
17   against TCI staff members.  (FAC at 17 ¶104.)

18       A viable claim of First Amendment retaliation contains five basic
19   elements: (1) an assertion that a state actor took some adverse action
20   against an inmate (2) because of (3) that prisoner's protected conduct
21   and that such action (4) chilled the inmate's exercise of his First
22   Amendment rights (or that the inmate suffered more than minimal harm) and
23   (5) the action did not reasonably advance a legitimate correctional goal.
24   *Rhodes v. Robinson*, 408 F.3d 559, 567-58 (9th Cir. 2005); *see also Hines*
25   *v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims require
26   an inmate to show that (1) the prison official acted in retaliation for
27   the exercise of a constitutionally-protected right and (2) the action

28

"advanced no legitimate penological interest").   To make out a prima facie case of retaliation, the plaintiff has the burden of showing that retaliation for the exercise of a protected right was the but-for factor behind the defendant's conduct. *Hartman v. Moore*, 547 U.S. 250, 258-60 (2006).   If a plaintiff makes that showing, the burden shifts to defendants to show that they would have engaged in the same conduct anyway. *Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 287 (1977).

Plaintiff correctly states that his legal assistance to other inmates is protected by the First Amendment.  Plaintiff asserts that the discipline was retaliatory for exercising that constitutional right, yet the Defendants in turn show that there were prison regulations that Plaintiff violated and this was the basis for the discipline.  The prison rules reflect a legitimate peneological objective in the regulation of when and where the legal assistance may occur. Such regulation does not chill the exercise of that constitutional right.  Hence, Plaintiff fails to state a claim of retaliation or any concomitant constitutional injury.

A plaintiff must state specific facts, not mere conclusory statements, to support the existence of an alleged conspiracy. *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *Williams v. Sumner*, 648 F. Supp. 510, 513 (D. Nev. 1986). Although "pro se pleadings are liberally construed, particularly where civil rights claims are involved," *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990), a "liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Plaintiff's complaint is completely devoid of any factual

allegations that the Wackenhut Defendants had an agreement or "meeting of the minds" to conspire to violate Plaintiff's constitutional rights. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). The Wackenhut Defendants correctly argue that Plaintiff made a variety of vague and conclusory allegations of conspiracy. However, the First Amended Complaint fails to set forth the essential facts as to the specific acts of each Wackenhut Defendant that allegedly "carried the conspiracy into effect, how those acts fit into the conspiracy, and how the injury to the plaintiff was foreseeable therefrom." *Graves v. United States*, 961 F. Supp. 314 (D.D.C. 1997). Other courts are in agreement as to the necessity of pleading the essential facts in a conspiracy cause of action. For example, the Ninth Circuit has explained: "To state a claim for a conspiracy to violate one's constitutional rights . . . , the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam). Claims based on vague and conclusory allegations, which fail to specify each defendant's role in the alleged conspiracy, are subject to dismissal. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Plaintiff's conspiracy claims fail to set forth any specific facts to show that the Wackenhut Defendants were engaged in a conspiracy. Plaintiff cannot rely on conclusory statements to support his allegation of constitutional injury.

**4. Violation of Fair Labor Standards Act**

In the Tenth Count of the First Amended Complaint, Plaintiff makes the allegation that Warden Andrews required him to work as an inmate "at below the minimum wage, in violation of the Fair labor Standards Act

16

(FLSA)." There is nothing within the BOP's policies, the Code of Federal Regulations, or TCI's policies that provide for inmates to be paid pursuant to the FLSA. In point of fact, TCI policy provides for inmate pay at four (4) pay grade levels, in recognition of budgetary constraints and for the effective management of the overall performance pay program.

Ultimately, Plaintiff lacks standing to bring this claim, as prisoners are not employees within the meaning of the Act. *Coupar v. United States Dept. of Labor*, 105 F.3d 1263, 1265-66 (9th Cir. 1997).

## B. Federal Defendants

"As a result of Defendant's conduct, Plaintiff was detained without bail and without warrant, was unable to post bail, was arraigned, was forced to accept a court-appointed attorney, was forced to retain counsel at great expense, was forced to enter a plea, was forced to go to trial, was forced to undergo the ordeal of a trial, was found guilty under totally false charges, was sentenced to an unusually harsh term of imprisonment, was forced to file an appeal, and was made to suffer the humiliation of the denial of the appeal, was forced into imprisonment on false charges and was forced to suffer the prolongation of his unconstitutionally-executed sentence through the denial of his right to habeas corpus relief." (FAC at 18 ¶115.) Plaintiff goes on to name all of the prosecutors and BOP attorneys involved in his trial and post-conviction habeas proceedings.[8]

### 1. *Heck v. Humphrey*

A prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner

---

[8]Counts One through Nine.

demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).[9]    This bar also extends to claims for declaratory relief.  *Edwards v. Balisok*, 520 U.S. 641, 647-48 (1997).

If Plaintiff seeks the invalidation of his sentence, or any relief which would result in immediate or speedier release, his exclusive remedy is a petition for habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973). Where a civil rights complainant alleges that police officers lacked probable cause to arrest him and conspired to bring unfounded criminal charges against him, the Court must apply the holding of *Heck*, which bars a § 1983 action where judgment in a plaintiff's favor would imply the invalidity of the sentence or conviction.  *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).  Therefore, any claims regarding lack of probable cause for arrest and a conspiracy to bring unfounded criminal charges against Plaintiff may only be reviewed by this Court if Plaintiff can demonstrate that his conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Heck*, 512 U.S. at 486.

---

[9]"[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  *Heck,* 512 U.S. at 486-7.

The Ninth Circuit has held that *Heck* applies to challenges to the validity of an arrest.  In *Smithart*, 79 F.3d at 952, plaintiff sought damages for, *inter alia*, excessive force used during the course of an arrest that resulted in plaintiff's conviction.  Plaintiff alleged that defendants, "without probable cause, authority, or justification" assaulted, arrested, handcuffed and beat plaintiff.  *Smithart*, 79 F.3d at 952.  Summarizing the Supreme Court's decision in *Heck* the Court stated: "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Id.* The Court continued:  "[t]here is no question that *Heck* bars [plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded charges against him." *Id.* "If [plaintiff] wishes to challenge his arrest, prosecution or conviction, he should file a writ of habeas corpus." *Id.*

Accordingly, because Plaintiff's entire claim is based on the incidents surrounding his alleged unlawful arrest and conviction, Plaintiff's claim is barred by *Heck*.  *Smithart*, 79 F.3d at 952. Plaintiff has challenged his conviction and sentence in every available forum, yet his conviction has not been reversed, expunged or declared invalid at any level. *See Heck*, 512 U.S. at 486-87.  Because Plaintiff cannot show that his conviction has been reversed on appeal or called into question by the issuance of a writ of habeas corpus, his claims against the Prosecution Defendants must be dismissed pursuant to *Heck*, 512 U.S. at 481-82. *Heck* bars a plaintiff from bringing a suit for violation of constitutional rights if a judgment in his favor would imply the invalidity of his conviction or sentence. *Id.* at 487. It is clear

1 that Plaintiff's claims against the Federal Defendants are premised on
2 his belief that he was wrongly convicted and that his habeas petitions
3 should have been granted. As such, his claims are barred by *Heck*.

4 2. ***Imbler v. Pachtman***

5 Prosecutors are absolutely immune from liability under § 1983 (and
6 *Bivens*) for their conduct in "initiating a prosecution and in presenting
7 the State's case" insofar as that conduct is "intimately associated with
8 the judicial phase of the criminal process." *Buckley v. Fitzsimmons*, 509
9 U.S. 259, 270 (1993) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430
10 (1976)); *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424
11 U.S. at 430-431); *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986).

12 The Federal Defendants are absolutely immune, based on the
13 Plaintiff's allegations. These allegations are premised on the notion
14 that Cox was wrongly convicted and that his habeas petitions should have
15 been granted. Cox cannot show, however, that any Court has found
16 unconstitutional error. Indeed, Plaintiff also sued every judge involved
17 in any aspect of his case, conviction through habeas proceeding. These
18 Judicial Defendants have already been properly dismissed based on
19 absolute immunity.

20 Plaintiff is precluded from using this lawsuit as vehicle from
21 which to collaterally attack his 1989 criminal conviction. The bulk of
22 the allegations are directed at AUSA Bender who participated in
23 Plaintiff's criminal trial as prosecutor for the Government.
24 Accordingly, Bender is entitled to absolute immunity. See *Ashelman*, 793
25 F.2d at 1076 (the primary purpose of extending immunity to judges and
26 prosecutors is to ensure independent and disinterested decisionmaking);
27 *Butz*, 438 U.S. at 512 (absolute immunity is necessary to assure that

28

judges, advocates and witnesses can perform their respective functions without harassment or intimidation); *Imbler*, 424 U.S. at 425 ("a defendant will often transform his resentment at being prosecuted into the ascription of improper and malicious actions to the state's advocate").

In an attempt to circumvent Bender's clear entitlement to absolute immunity, Plaintiff alleges, in a conclusory fashion, that Bender was acting as an investigator, rather than an attorney. Such an allegation is a mere legal conclusion, rather than an allegation of fact. As such, it is legally insufficient to defeat the assertion of prosecutorial immunity. *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (the plaintiff must state specific facts to support the existence of a claimed conspiracy). Similarly, the allegations against AUSA Scott fail. BOP attorney Campbell has been sued because he assisted in the filing of briefs in an "of counsel" capacity. Campbell is absolutely immune to the same extent as the AUSAs. *See Butz*, 424 U.S. at 512 (applying absolute immunity to government agency counsel); *Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991) (same). Prosecuting attorneys are absolutely immune from civil suits for damages relating to professional conduct which is "intimately associated with the judicial phase of the criminal process," *Imbler*, 424 U.S. at 430 (1976), or which is "undertaken . . . in the course of [their] role as an advocate for the State . . . " *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

The only allegations against AUSA Faller, Craig[10] and BOP attorney Campbell are that they, along with AUSA Scott, convinced the Judicial Defendants to deny Cox's habeas applications. This is the quintessential

---

[10]Wackenhut Defendant.

21

advocacy function of a prosecutor, and those who assist them, for which these defendants are entitled to absolute immunity. *Imbler*, 424 U.S. at 430-31 (prosecutor's role in initiating a prosecution and presenting case are covered by absolute immunity).   Ashcroft is sued purely in his supervisory status as the former Attorney General of the United States, which does not state a viable claim.   Supervisory officials are not vicariously liable under *Bivens*.   *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991).[11]

Accordingly, the defects in Plaintiff's allegations against the Federal Defendants cannot be resolved by more pleading. Therefore, the allegations against all Federal Defendants will be dismissed with prejudice and without leave to amend.[12]

**CONCLUSION**

Plaintiff's claims against the Federal Defendants are barred by *Heck*, as well as *Imbler*. None of the activities complained of with any factual specificity fell outside the official role of prosecutor. *Imbler v. Pachtman*, 424 U.S. at 430. Further, Plaintiff has failed to show that the Wackenhut Defendants caused any legally cognizable constitutional injury from any of the activities complained of.   *Crist v. Leippe*, 138 F.3d 801, 805 (9th Cir. 1998).   Since amendment would be futile, the Court will dismiss Plaintiff's First Amended Complaint without leave to

---

[11]This action as it is directed to BOP individuals who ruled against   Plaintiff   during   the   administrative   grievance   process, Defendants Haro and Watts, is fatally conclusory and vague.   The claim against Defendant Harvey, BOP Contract Administrator, contains   no specific allegation of any contact between the two.

[12]In addition, the Prison Litigation Reform Act forbids prisoners from filing actions for mental or emotional injury while in custody without a prior showing of physical injury. 42 U.S.C. § 1997e(e). Thus, Plaintiff's claim for mental anguish, emotional distress and humiliation must fail as a matter of law.

1    amend. *See Foman v. Davis*, 371 U.S. 178, 182, (1962); *Lopez v. Smith*, 203

2    F.3d 1122, 1127 (9th Cir. 2000).

3         Accordingly,

4         IT IS ORDERED that the Wackenhut Defendants' Motion to Dismiss

5    (Doc. No. 68) is GRANTED with prejudice.

6         IT IS FURTHER ORDERED that Federal Defendants' Motion to Dismiss

7    (Doc. No. 67) is GRANTED with prejudice.

8         IT IS FURTHER ORDERED that all relief is denied against all named

9    Defendants and this action is DISMISSED in its entirety.  Final Judgment

10   shall enter separately.

11        DATED this 19th day of February, 2009.

12

13

14

15

16

17

18

19

20

21

22

23

24                                   David C. Bury
                                     United States District Judge

25

26

27

28